| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | McGREGOR W. SCOTT<br>United States Attorney<br>ERIN M. SALES<br>Assistant U.S. Attorney<br>2500 Tulare Street, Suite 4401<br>Fresno, CA 93721<br>(559) 497-4000 Telephone<br>(559) 497-4099 Facsimile |
| 6 | Attorneys for the United States |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>REAL PROPERTY LOCATED AT 1263 OAK AVENUE, CLOVIS, CALIFORNIA, FRESNO COUNTY, APN: 562-121-16, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>REAL PROPERTY LOCATED AT 2775 JORDAN AVENUE, CLOVIS, CALIFORNIA, FRESNO COUNTY, APN: 564-060-21, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, and,<br><br>REAL PROPERTY LOCATED AT 986 ENCINO AVENUE, CLOVIS, CALIFORNIA, FRESNO COUNTY, APN: 554-360-04, INCLUDING ALL APPURETNANCES AND IMPROVEMENTS THERETO,<br><br>        Defendants. | CASE NO. 1:18-CV-01306-LJO-SKO<br><br>PARTIAL FINAL JUDGMENT OF FORFEITURE AS TO REAL PROPERTY LOCATED AT 1263 OAK AVENUE, CLOVIS, CALIFORNIA |

Pursuant to the Stipulation for Partial Final Judgment of Forfeiture, the Court finds:

1. This is a civil forfeiture action *in rem* brought against the following real properties, of which only one of the real property assets is the subject of this Partial Final Judgment of Forfeiture:

///

1  Partial Final Judgment of Forfeiture as to Real Property
Located at 1263 Oak Avenue, Clovis, California

a. Real Property located at 1263 Oak Avenue, Clovis, California, Fresno County, APN: 562-121-16;

b. Real Property located at 2775 Jordan Avenue, Clovis, California, Fresno County, APN: 564-060-21; and,

c. Real Property located at 986 Encino Avenue, Clovis, California, Fresno County, APN: 554-360-04.

2. This Partial Final Judgment of Forfeiture relates to the Real Property located at 1263 Oak Avenue, Clovis, California, Fresno County, APN: 562-121-16 ("Subject Property"), including all appurtenances and improvements thereto, and more fully described as:

LOT 16 OF TRACT NO. 4119, BLACKHORSE ESTATES, IN THE CITY OF CLOVIS, COUNTY OF FRESNO, STATE OF CALIFORNIA, ACCORDING TO THE MAP THEREOF RECORDED IN BOOK 51, PAGES 82 THROUGH 86 OF PLATS, FRESNO COUNTY RECORDS.

3. Li Yan Huang is the recorded owner of the Subject Property.

4. A Verified Complaint for Forfeiture *In Rem* was filed on September 21, 2018 (hereafter "Complaint"). The Complaint alleged that the above defendant properties are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).

5. On October 4, 2018, the above defendant properties were posted with a copy of the Complaint and Notice of Complaint.

6. Beginning on October 12, 2018, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov.

7. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals or entities related to the Subject Property:

a. Li Yan Huang

b. Mortgage Electronic Registration Systems, Inc.

8. On October 19, 2018, Li Yan Huang filed her claim to the Subject Property. On November 8, 2018, she filed her answer to the Complaint.

9. On November 9, 2018, MERS filed a claim alleging a lien holder interest in the Subject Property and an answer to the complaint on November 26, 2018. MERS has represented that its loan on the Subject Property is not in default.

10. No other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

11. The Court adopts the Stipulation for Partial Final Judgment of Forfeiture entered into by and between the parties to said stipulation.

12. Judgment is hereby entered against Claimant, MERS, and all other potential claimants who have not filed claims to the Subject Property in this action.

13. Upon entry of this Partial Final Judgment of Forfeiture, Claimant has the opportunity to sell the Subject Property if a sale can be completed by midnight on October 31, 2019. Such sale shall be concluded only upon the written consent of the United States, which consent may be withheld if the United States, in its sole discretion, concludes that the terms of the sale are unreasonable or unsatisfactory. If a sale is completed, Claimant shall include the following escrow instructions: The net sale proceeds, less $20,000.00 due to Claimant subject to the terms of this Partial Final Judgment of Forfeiture, shall be submitted to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 2500 Tulare Street, Suite 4401, Fresno, CA 93721. Said Title Company cashier's check shall be made payable to the U.S. Marshals Service and be forwarded to the above-listed address along with copies of the closing documents. All proceeds paid to the United States from the sale of the Subject Property shall be substituted as the *res* and shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

14. Upon receipt of the above net sale proceeds, the United States agrees to forego any further action against the Subject Property based on the facts alleged in the Complaint.

15. If a sale is not completed by Claimant by October 31, 2019, the U.S. Marshals Service ("USMS"), or a designee, shall handle the sale of the Subject Property pursuant to the following terms:

///
///
///
///

a. The USMS, or a designee, shall remove any occupants and/or personal property remaining on the Subject Property thirty days after giving written notice to any occupants of the Subject Property without further order of the Court. Any and all personal property removed by the USMS, or a designee, will be disposed of without further notice. The USMS shall thereafter take exclusive possession of the Subject Property without further Order of the Court.

b. The USMS shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the Subject Property. If the USMS has not yet taken exclusive possession of the Subject Property, the USMS, and any real estate broker employed by the USMS, shall have access to the Subject Property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice to facilitate the marketing and sale of the Subject Property.

c. The USMS shall have the Subject Property appraised by a licensed appraiser of its choosing. If the USMS has not yet taken exclusive possession of the Subject Property, the USMS and the appraiser shall have access to the Subject Property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

d. If necessary, the USMS, and any real estate broker employed by the USMS, shall have the right to put a "lock box" on the Subject Property to facilitate the marketing and sale of the Subject Property.

e. The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

   i. The costs incurred by the USMS to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

   ii. Any unpaid real property taxes, which shall be prorated as of the date of the entry of the Partial Final Judgment of Forfeiture.

   iii. A real estate commission not to exceed the USMS' contractual brokerage fee.

   iv. The seller shall pay any county transfer taxes.

      v. To MERS, a sum to satisfy an indebtedness under the Deed of Trust recorded in the official records of Fresno County, California, as instrument number 2017-0010825-00 on January 27, 2017, secured by a Promissory Note ("Note") dated January 26, 2017, in the original amount of $282,320.00, plus all unpaid interest at the contractual (not default) rate, plus any advances and costs incurred by MERS, up to the date of the payoff of the loan, including, but not limited to reasonable attorney's fees up to $5,300.00, any insurance advances, tax advances, and property preservation costs on the Subject Property. The exact amount to be paid to MERS shall be determined at the time of payment.

      vi. To Claimant Li Yan Huang, subject to the terms of this Partial Final Judgment of Forfeiture, $20,000.00 of the net sale proceeds from the sale of the Subject Property after the above disbursements.

      vii. To the United States of America, the net proceeds from the sale of the Subject Property after the above disbursements. All right, title, and interest in said funds shall be substituted for the Subject Property and forfeited to the United States pursuant to 21 US.C. § 881(a)(7), to be disposed of according to law.

f. Any liens or encumbrances against the Subject Property that appear on record subsequent to the recording of plaintiff's lis pendens on September 24, 2018, and prior to the close of escrow may be paid out of escrow, at the discretion of the United States.

g. The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

h. All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the Subject Property.

i. Each party shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

16. At the close of escrow, the United States shall withdraw the lis pendens recorded against the Subject Property on September 24, 2018.

17. Claimant will not take any action, or cause any other person to take any action, to damage or modify the Subject Property from its present condition or other action that may result in a reduction in value of the Subject Property.

18. Until the sale of the Subject Property is complete, Claimant shall maintain all insurance policies currently in effect with respect to the Subject Property, including policies covering liability to persons injured on said property and for property damage to the Subject Property.

19. Until the sale of the Subject Property is complete, Claimant shall remain current on all mortgage payments due and owing on the Subject Property, including any principal, interest, property tax, and insurance payments. The total amount of any and all defaulted mortgage payments shall be deducted from the $20,000.00 of net sale proceeds owed to Claimant upon sale of the Subject Property and credited toward the net sale proceeds owed to the United States. Upon default of any mortgage payments due and owning on the Subject Property, the amount due to Claimant will be $20,000.00 minus the total amount of defaulted mortgage payments.

20. In the event the USMS is required to sell the Subject Property, the amount due to Claimant is subject to any offset required by Federal law.

21. The United States and its servants, agents, and employees are hereby released from any and all liability arising out of or in any way connected to the United States' action against the defendant Subject Property, including the posting or sale of the defendant Subject Property, whether pursuant to 28 U.S.C. § 2465 or otherwise. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said action, posting, or sale, as well as to those now known or disclosed. The parties waived the provisions of California Civil Code § 1542.

22. Except as specifically provided herein, Claimant shall not convey, transfer, encumber, lien, or otherwise pledge the Subject Property without prior, written approval of the United States.

23. Nothing in this Partial Final Judgment of Forfeiture is intended as, nor should anything in this Partial Final Judgment of Forfeiture be interpreted as an admission of any liability, fault, or wrongdoing by any party.

24. No party substantially prevailed in this action within the meaning of 28 U.S.C. § 2465.

25. The Court finds that there was reasonable cause for the institution of these proceedings pursuant to 28 U.S.C. § 2465. This Partial Final Judgment of Forfeiture constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

26. Unless otherwise expressly provided for in this Partial Final Judgment of Forfeiture, all parties are to bear their own costs and attorneys' fees, if any.

27. Pending sale of the defendant Subject Property, and the disposition of the proceeds, the Court shall maintain jurisdiction to enforce the terms of the Stipulation for Partial Final Judgment of Forfeiture and this Partial Final Judgment of Forfeiture.

IT IS SO ORDERED.

Dated: **May 8, 2019**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE