1  McGREGOR W. SCOTT
   United States Attorney
2  ERIN M. SALES
   Assistant U.S. Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  (559) 497-4000 Telephone
   (559) 497-4099 Facsimile
5
   Attorneys for the United States
6

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:18-CV-01306-LJO-SKO |
|---|---|
| Plaintiff, | |
| v. | PARTIAL FINAL JUDGMENT OF FORFEITURE AS TO REAL PROPERTY LOCATED AT 986 ENCINO AVENUE, CLOVIS, CALIFORNIA |
| REAL PROPERTY LOCATED AT 1263 OAK AVENUE, CLOVIS, CALIFORNIA, FRESNO COUNTY, APN: 562-121-16, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 2775 JORDAN AVENUE, CLOVIS, CALIFORNIA, FRESNO COUNTY, APN: 564-060-21, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, and, | |
| REAL PROPERTY LOCATED AT 986 ENCINO AVENUE, CLOVIS, CALIFORNIA, FRESNO COUNTY, APN: 554-360-04, INCLUDING ALL APPURETNANCES AND IMPROVEMENTS THERETO, | |
| Defendants. | |

Pursuant to the Stipulation for Partial Final Judgment of Forfeiture, the Court finds:

1. This is a civil forfeiture action *in rem* brought against the following real properties, of which only one of the real property assets is the subject of this Partial Final Judgment of Forfeiture:

///

a. Real Property located at 1263 Oak Avenue, Clovis, California, Fresno County, APN: 562-121-16;
   b. Real Property located at 2775 Jordan Avenue, Clovis, California, Fresno County, APN: 564-060-21; and,
   c. Real Property located at 986 Encino Avenue, Clovis, California, Fresno County, APN: 554-360-04.

2. This Partial Final Judgment of Forfeiture relates to the Real Property located at 986 Encino Avenue, Clovis, California, Fresno County, APN: 554-360-04 ("Subject Property"), including all appurtenances and improvements thereto, and more fully described as:

> The land described herein is situated in the State of California, County of Fresno, City of Clovis, described as follows:
>
> Lot 4 of Tract No. 5950, as per plat recorded in Volume 83, Pages 30 to 32, inclusive, in the Office of the County Recorded of said County.
>
> APN: 554-360-04

3. The recorded owners of the Subject Property are Gilbert Tom and Vincent Tom, as joint tenants.

4. A Verified Complaint for Forfeiture *In Rem* was filed on September 21, 2018 (hereafter "Complaint"). The Complaint alleged that the above defendant properties are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).

5. On October 4, 2018, the above defendant properties were posted with a copy of the Complaint and Notice of Complaint.

6. Beginning on October 12, 2018, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov.

7. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals or entities related to the Subject Property:
   a. Gilbert Tom
   b. Vincent Tom
   c. Mortgage Electronic Registration Systems, Inc.

8. On October 12, 2018, Gilbert Tom and Vincent Tom each filed a claim to the Subject Property and an answer to the Complaint.

9. No other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

10. The Court adopts the Stipulation for Partial Final Judgment of Forfeiture entered into by and between the parties to said stipulation.

11. Judgment is hereby entered against Claimants and all other potential claimants who have not filed claims to the Subject Property in this action.

12. Upon entry of this Partial Final Judgment of Forfeiture herein, but no later than 60 days thereafter, $8,750.00 of the net proceeds from the sale of the Subject Property shall be returned to Claimant Gilbert Tom.

13. Upon entry of this Partial Final Judgment of Forfeiture herein, but no later than 60 days thereafter, $8,750.00 of the net proceeds from the sale of the Subject Property shall be returned to Claimant Vincent Tom.

14. Upon entry of this Partial Final Judgment of Forfeiture herein, the remaining net proceeds from the sale of the Subject Property in the amount of $70,715.13, together with any interest that has accrued on the entire $88,215.13, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

15. The amounts due to Claimants are subject to any offset required by Federal law.

16. The United States and its servants, agents, and employees are hereby released from any and all liability arising out of or in any way connected to the United States' action against the defendant Subject Property, whether pursuant to 28 U.S.C. § 2465 or otherwise. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said action, posting, or sale, as well as to those now known or disclosed. Claimants waived the provisions of California Civil Code § 1542.

///

17. Nothing in this Partial Final Judgment of Forfeiture is intended as, nor should anything in this Partial Final Judgment of Forfeiture be interpreted as an admission of any liability, fault, or wrongdoing by any party.

18. Claimants did not substantially prevail in this action within the meaning of 28 U.S.C. § 2465.

19. The Court finds that there was reasonable cause for the institution of these proceedings pursuant to 28 U.S.C. § 2465. This Partial Final Judgment of Forfeiture constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

20. All parties are to bear their own costs and attorneys' fees, if any.

21. This Court shall retain jurisdiction to enforce the terms of the Stipulation for Partial Final Judgment of Forfeiture and this Partial Final Judgment of Forfeiture.

IT IS SO ORDERED.

Dated: **May 8, 2019**     **/s/ Lawrence J. O'Neill**
                            UNITED STATES CHIEF DISTRICT JUDGE